MSWordDoc Word.Document.8 Our third case this morning is number 15-3102, Rosario-Fabregas v. MSPB, Mr. Gaiarsa. Good morning, may it please the court. My name is Robert Gaiarsa from the law firm of Latham Rockins and I'm representing the petitioner today, Jose Rosario-Fabregas. The board's precedential opinion in this case, which requires a showing of wrongful action, was based on plain error. This court in Holloway expressly held that the dispositive inquiry to a constructive suspension jurisdiction is whether or not the absence was involuntary or voluntary. And here, Mr. Rosario's absence was clearly involuntary. How is it involuntary when he, according to the record, was given repeated requests to provide information so he could return to work and he never provided the information? Your Honor, there's two aspects to the answer to that question. Okay. The first is that the decision that was made on June 26th was that Mr. Rosario would not be allowed to return to work. The second is that any inquiry into that conflates the merits with the jurisdiction. The question here is just about jurisdiction. And as the court held in Bonnack and Garcia, that's a distinct issue from the merits consideration. The jurisdiction of the board is determined under section 75.1.2 and the adjudication of the merits is determined under section 75.1.3. But here, it is clearly involuntary because Mr. Castillo, Mr. Rosario's supervisor, directed him to take leave because he would not be allowed to return to work. And the facts are pretty straightforward. Mr. Rosario was absent on voluntary leave, temporary voluntary leave, and he informed his employer when he would be returning, which was July 2nd, 2012. His employer told him, no, you're not allowed to return to work. You agree, though, that when somebody is on extended medical leave, the agency is entitled to get sufficient medical documentation to show that they're capable of performing their duties, right? Respectfully, no, Your Honor, we do not. No? Why not? Well, any inquiry into the – again, before I answer that, this goes to the merits itself, not the voluntariness of the leave. Just answer the question, though. Whether it goes to jurisdiction or merits is something else, but I think our precedent is pretty clear, isn't it? That if somebody is on extended medical leave, and because they cannot perform their work duties, isn't an agency entitled to get a medical certification before they return them to work? No, Your Honor, because that would violate the ADA. And executive agencies – Isn't that exactly what you have to do under the ADA to be returned to work, to show that you're capable of doing it? And if you can't do the full duties, you get a reasonable accommodation? No, Your Honor, under the ADA, I believe you're thinking of the FMLA, which does have an express regulatory authorization for return to duty certification. Sick leave, which is temporary for – Okay, this isn't going to be very useful to me. Let's just assume you're wrong on that. I don't agree with you on that. If that's the case, then where are we left with this case? Because the agency viewed his medical certifications as insufficient, and so he's left with a choice. Either I give sufficient medical information, I take leave, or I just don't come to work and they do what they will. Isn't his choice to take leave voluntary? He was not given the choice, Your Honor. He has to apply for leave. They didn't specifically put him on leave over his objection. They did. He specifically – That's not what the board found, though. We're getting into facts now. I mean, let's assume that he voluntarily decided, well, if you're not going to let me come back, I'm going to take leave because I want to get paid. The first question answers the jurisdictional issue, which is the issue here, which is they did not allow him to come back. If Your Honor and the panel is concerned at all whether or not the – Here's the problem. I don't know that the board necessarily looked at this correctly analytically, but I'm not sure you are either. Because all these constructive cases, whether it's constructive suspension or constructive removal because somebody retired or resigned, go to whether the choice the employee made was voluntary, even if unpleasant, or was so forced by the agency that it's considered involuntary. And so in cases where the choice is very, very unpleasant, we've still held that it's voluntary as long as there was another choice. And so the other choice here wasn't it, submit sufficient medical evidence or allow the agency to put him on AWOL. And then challenge that as an adverse action. Instead, he took leave and got paid. Well, that choice is not a real choice. If you back up and look at the – Okay, let me ask you hypothetically. If instead of taking leave here, he had said, I'm sick of this, I'm eligible for retirement, I'm going to retire because these conditions are intolerable. Would that be a constructive removal? Well, forced retirement is a different scenario, Your Honor, with different legal – I don't think so. I think that we're talking about actions taken by employees that are normally presumed to be voluntary, like retiring, like resigning, like taking leave. And our question is, did the agency do something that coerced them into making that choice as the only possible choice, or were there other choices, even if they were unpleasant? Well, the other choice that was presented to him was to provide medical information, and he did. He provided the June 7th letter. He authorized the release of his medical records. He also authorized his employer to contact his physician, and he authorized and requested that his physician be allowed to talk to the agency physician. So he did comply with everything that was requested. But the board found that he never satisfactorily complied, and that June 27th letter didn't say he could come back to work full-time. It was essentially a request for an accommodation to work part-time. Well, the board was talking about the wrongful action, whether or not they had the right to prevent him from returning to work. Again, that goes to the merits here, not to the jurisdiction. But why is this a jurisdictional issue at all? I mean, the Supreme Court has told us in recent years, stop calling things jurisdictional, which really aren't. And it seems to me that this falls into that category. You know, if you say his failure to submit the documentation was a voluntary act, I mean, so is everything else. If you don't perform your duties at work, that's a voluntary act. If you punch your supervisor, that's a voluntary act. I mean, it sounds as though everything becomes a question of constructive suspension or constructive removal. Why isn't this simply a case where the agency effectively suspended him because it wouldn't let him return to work, and that's sufficient for jurisdiction? And then on the merits, the board can decide whether he was entitled to come back to work without submitting the documentation or not. Why do we keep calling this a jurisdictional issue? I agree with your analysis, Judge Dykin. That is the proper analysis here, that the court refused to allow him to return to work. And once that suspension passed 14 days, it was appealable. Yeah, but you seem to want to get into the wrongfulness issue, which seems to me is not properly part of the jurisdictional determination. It's really part of the merits. We agree. And the test here that was applied by the board erroneously was that wrongful action, in addition to involuntariness, has to be shown for jurisdiction, not on the merits. But we're not looking – the action that we're looking at that's claimed to be a constructive suspension and involuntary is his taking the leave. And we have to look at that under the guise of Garcia and determine, as a jurisdictional question, whether a preponderance of the evidence supports whether that was in fact voluntary or not. And the board found, as a matter of fact, that his decision to take leave was not so coerced as to become involuntary and therefore a constructive suspension. Isn't that exactly what's required by Garcia? I don't believe the board found that he wasn't coerced into not taking it, Your Honor. The board found that there was no wrongful action here, therefore there was no jurisdiction, so it couldn't even reach the merits. I'm not talking about merits either. Garcia made clear that whether something is an involuntary action or not is a jurisdictional question. And whether that's right or not, it's an en banc case that we're bound by. And so I don't see any difference between a constructive removal based upon a coerced retirement and a constructive suspension based upon a coerced taking of leave. And unless he can show that his only choice was to take leave, I don't see anything involuntary about it here. Well, Your Honor, constructive suspensions are different than involuntary retirements. Forced retirements have a presumption of regularity and voluntary. Why doesn't taking leave have a presumption of regularity? Certain leaves don't, but that has never been extended. Taking leave is simply filling out a form. We're looking at the same question. The employee took the action. I don't think there is any evidence that he said, don't put me on leave. There certainly is. That's not what the board found. I mean, the board found that there was this interactive process and that he ultimately said, well, if you're not going to take me back, put me on leave. That doesn't, to me, sound like that that wasn't a choice. It was an unpleasant choice. In any event, I don't want to take you down this path too long, but assuming that the question of whether something is involuntary is applied the same across retirements, resignations, and suspensions, why is it any different here that he was faced with the unpleasant choice of either taking leave, which he didn't want to do, submitting appropriate medical documentation, which he didn't, or letting the agency put him on AWOL, which then would turn into an appealable adverse action? I think if we step back and look at the regulations that govern any type of suspension like this, that would answer your question, Your Honor. Indefinite suspensions like this are allowable under OPM regulations. However, employees covered by Chapter 7… Yes, but they're allowable, and then an employee can appeal them if it's an actual suspension. But when an employee has voluntarily taken leave, then it's not a suspension. Well, I guess the question is whether the act here was refusing to let him come back to work or whether the act was forcing him to take leave. And I had understood that the Board's claim was that the Voluntary Act was not taking leave, but that the Voluntary Act was refusing to submit the required documentation. Yes. Yes, Your Honor, and that is true. And if we back up and just look for a second at Pittman, if there's any question whether or not the underlying impetus for the Court's action here, the concern that a medical disability prevented his return to work and prevented his safe performance in essential duties, this Court's already precedentially found that absence or enforced absence pending inquiry into such medical conditions to be disciplinary and to be a suspension. And as Pittman explained, that was found by this Court in Mercer and Thomas. But in that case, wasn't the employee just suspended? He didn't voluntarily take leave. Correct. So that's an adverse action. When you suspend somebody without pay, that's an adverse action. When you're faced with the choice of possible suspension without pay because the agency won't let you come back to work, submitting medical documentation, or taking leave, and you choose to take leave, that's a voluntary action. I see it no different than somebody coming in and saying to an employee, look, you committed awful misconduct. We're going to remove you if you don't retire. And the person retires. That's not a truly voluntary retirement, but we've held that that's not an appealable action. There is a distinction here, though, Your Honor. The distinction is here that the Court told him he was not allowed to perform the duties of his job on June 26. That's the action that started it. And if you look at the regulations that permit actions like that. What started it was the disciplinary suspension and then the overturning of that and his reinstatement. And at that point, he's the one who says, I can't do it. So it is voluntary in that sense. It then reaches a point where he says, I'm capable of returning to work. And the agency says, wait a minute. You told us you were incapable of returning to work for certain reasons. And we want some medical evidence that those reasons no longer are a problem. Isn't that the status? Yes, but the relevant fact here, Your Honor, is that the agency prevented his return. Is that prevention? Is its decision not to allow him to return a defined appealable action in Chapter 75? Once it passes 14 days, yes. And that's the holding in Mercer and Thomas. But the problem is it never passed 14 days. In response to that, instead of letting it pass 14 days, he voluntarily took leave. The regulations that provide for indefinite suspensions like this have an initial decision with 30 days' notice where the employee can come back with medical evidence. But then, once the decision is made, absent that employee, they must provide notice of appealability and it becomes appealable. He never brightened into that because he took leave. He took leave at the direction of his supervisor. But that's not the issue that's on appeal here, Your Honor. The board found that regardless of involuntariness, that there had to be wrongful action. And that wrongful action prong is erroneous. There is no basis for it. That conflates the merits with jurisdiction. Okay, Mr. Guerra. You're into your rebuttal time. We'll give you two minutes for rebuttal. Thank you, Your Honor. Mr. McGraw. May it please the Court. So what's the voluntary act here? Is it his failing to submit the required documentation or is it taking leave? Your Honor, it was the failure to submit appropriate documentation which then triggered the agency's inquiry as to which then, which was a follow-up to the agency's inquiry regarding his medical documentation and it was entitled under the ADA to keep him out until he returned the proper, submitted the proper documentation. Well, that may be that they had the right to insist on the documentation. I just have difficulty seeing this as a jurisdictional issue. You know, a voluntary retirement, a voluntary resignation, which is said to be involuntary, leads to this constructive action analysis. The same thing would be true, I guess, in the suspension situation if somebody voluntarily stayed away from work. But I have difficulty seeing how the failure to submit the documentation becomes a voluntary act, turning it into a constructive suspension issue. I mean, isn't this really not a jurisdictional issue? Isn't this really a merits issue? Well, Your Honor, the jurisdictional issue is actually a product of the Board's regulation, which this Court confirmed or approved of in Garcia. And by regulation, an employee is required to prove the Board's jurisdiction. And until he does, the Board does not have jurisdiction. Well, but that's just generalizations. The question is whether you say that it's a voluntary act because he didn't submit the documentation. It seems to me if you hit your supervisor, that's a voluntary act, too. I mean, so you have to decide that as a jurisdictional issue rather than as a merits issue? I don't understand the framework of the analysis. I really don't. Well, where it comes from is that because it starts as a voluntary action, the Board does not have jurisdiction. But that's true of hitting your supervisor, too, right? Yes, but presumably if you hit your supervisor, you will then be suspended and the agency will take an action. Well, they effectively suspended him here. They said because you didn't submit the document, you can't come to work. Well, what they did was after he initially took leave, they did not allow him to return. But those situations, such as Perez and Holloway, in which it was the employee's first action that absent them from work, those are deemed constructive actions and need to be analyzed as if they are equivalent to involuntary actions, which are within the Board's jurisdiction. I just don't get it. Why isn't it just treated as a suspension and asked whether it was justified or not? And it may well be justified because it seems reasonable to require somebody to submit documentation. But I just don't understand sort of this artificial treatment of this as a jurisdictional issue by saying that his failure to submit the information was voluntary. Because once it's submitted… Does it make a difference whether you call it jurisdiction or merits? Well, as this Court actually noted in Garcia and in Spruill and many other decisions from this Court, the jurisdiction and the merits of decisions often are intertwined and the facts are very similar. My question is, does it make any difference whether you analyze it as a jurisdictional issue or a merits issue? Ultimately, in the result, it often doesn't because when constructive action is found, the employee will be deemed to have won due to a lack of due process or something else. But by regulation, until the employee establishes the action as a constructive action, the Board just does not have jurisdiction. Now, the Petitioner's Council addressed the test in Bean. I would like to briefly explain that a little bit further. The purpose of Bean… We're arguing about something which doesn't make any difference. I mean, the Board's test seems a little odd, right? I mean, I don't understand where this wrongful action stuff comes from. Because the inquiry in all these constructive cases is, was what seemingly is a voluntary action involuntary? Is there an adverse action taken by the agency that's actually appealable? Whether the agency did something wrong or not is really kind of beside the point whether they took an action. A lot of times, they're completely entitled to take adverse actions, but it's still appealable. So why is the agency applying, the Board applying this test when the central focus should be whether there's an actual adverse action? The reason the Board applies this test and has chosen to apply this test comes from the fact pattern in Bean. You're correct that the vast majority of the situations, it comes down to whether or not there's a voluntary action. But the fact that Bean case was a case where the guy stayed home. The Bean case was a case where the employee stayed home. I can see that as a voluntary act, staying home. I don't see it appropriately characterized as a voluntary act that he didn't submit the information, and therefore, the question is whether the Board has jurisdiction. Well, respectfully, Your Honor, we disagree that it was a voluntary act in Bean. Would the Board ever have jurisdiction over to review an agency's decision that medical information is sufficient or not, unless it's tied to an adverse action? Excuse me, Your Honor, could you repeat that? I mean, I don't understand why we're focusing on the medical information and whether it's sufficient or not. You can't review that unless it's tied to an adverse action, can you? No, Your Honor, we cannot. You're correct. But if I may briefly go back to Bean, I can explain where this wrongful action element comes from. In Bean, what we found eventually was, addressing the unpleasant choice doctrine, that the choice to either work outside of your medical restrictions or stay at home could not be deemed voluntary, and it couldn't be viewed as a meaningful choice. Forcing the employee to work outside of medical restrictions seems to go beyond just saying it's unpleasant. It seems to be putting too much of a burden on the employee. But the only way to square that specific fact pattern with the rest of this Court's precedent on constructive suspensions, and frankly the ADA, is to examine whether or not the agency's choice to not provide work within the medical restrictions was wrongful. Right, and that's why we should be considering this as an adverse action and asking whether the agency acted properly or improperly in that context, rather than in the jurisdictional context. You're correct, Your Honor, but because this starts as a voluntary absence, until the employee can prove that it's an involuntary absence within the Board's jurisdiction, the Board simply just does not have jurisdiction. That's how the regulation requires it, and that's how this Court has required us to apply the regulation since Garcia. We said, no, the whole framework is wrong. It's got to be treated as an adverse action. The question becomes whether then the agency's action in requiring the information was wrongful or not wrongful. Why doesn't that nicely and simply give you exactly what you want? You can argue that requiring the information was appropriate, that he didn't submit it, and therefore he was appropriately not allowed to return to work. I believe in that scenario it would then effectively require every single employee in the Bean scenario and other employees then to have an adverse action when an appealable adverse action. It's not the Bean scenario. When the guy stays home, that's different. Where he does something which can lead him to be disciplined or excluded from the workplace, then it becomes an adverse action, and the question is whether the agency's demand was wrongful or not. I believe in those scenarios you might take away the discretion of the agency to issue the adverse action itself. The agency, if an employee punches a supervisor, rightfully has the ability to decide whether or not they want to suspend the employee themselves, and if for some reason they don't, that needs to remain in their discretion for us to automatically declare every absence if they put him on enforced leave or something like that, or if the person stays home the next day in an appealable suspension. You're saying stay home because you didn't submit the information. Why isn't that a suspension? Because the employee was the one who initially stayed home. It was his ability to return to work that's in question, not whether or not he stayed home. If you hit the supervisor, then you got fired because you took a voluntary act. Not unless the agency issues a notice of proposed removal and eventually removes you. In those scenarios, the agency needs to take the action first. What would have happened here if, instead of taking leave, there had been an impasse, and he wasn't allowed to come back to work, and the agency stopped paying him? That extends past 14 days. Is that an adverse action? It would depend on why the agency chose to not allow him to come back to work. Under the test that we apply from BEAN, we would look at whether or not the agency was correct in not allowing him to return. If it turns out that the agency was wrong for some reason or another, then we would say it was a constructive suspension and an adverse action. Okay. Mr. McGurk, thank you. We're out of time. Good morning, Your Honor. Before we get to the argument, do you happen to know where the parties are in the related termination appeal? All I could find was I think that there was an initial AJ decision reducing the second termination to a 30-day suspension. Has either party petitioned for review of that? Yes, Your Honor. The agency has petitioned for review, and it's currently before the MSPB. Was there a cross-petition challenging the reduction by the employee, do you know? I am not positive, Your Honor, but I can check on that for you. If you understand the point, why is this a jurisdictional issue? Why don't we just treat this as a suspension, and then the agency can defend the suspension on the ground that they could properly insist on the information? Your Honor, this is properly a jurisdictional issue because the facts of this case are consistent with this court's precedent as to what has been held jurisdictional for constructive suspension. Well, forget about our precedent for the moment. I don't think our precedent resolves this question. Why does the board want to treat this as a jurisdictional issue instead of just making it nice and simple and say, okay, the question, this is effectively a suspension, and therefore we've got to decide whether the agency's action was wrongful or not wrong? Because the question in this case turns on voluntariness, and looking at the facts of this case... It's totally artificial to say that the refusal, his being on leave was his own responsibility because he didn't submit the information. In my earlier hypothetical, if you punch the supervisor, then that was a voluntary act, and therefore we have to analyze it as a constructive removal. I mean, to me, it doesn't make any sense. Your Honor, this court in Garcia specifically set forth that the merits issues and the voluntariness... Garcia wasn't dealing with this situation. It was dealing with voluntary retirements or resignations, and in that situation, you do have to invoke the framework of constructive removal. But I don't understand why in this particular context you have to invoke that framework. Because in order to get to the merits, you have to establish voluntariness. The underlying merits... I mean, is it actually the question, in order for the board to have jurisdiction, there has to be an appealable adverse action? Yes, Your Honor, that is the question in this case, and there is no appealable adverse action because the appellant voluntarily absented himself from the workplace by not meeting the condition of the agency to, one, set forth what his reasonable accommodation would be. He simply failed to answer the agency as to what hours he wanted to work. Isn't the key question whether the agency's action in insisting on this information was wrongful or not wrongful? Not in accordance with this court's precedent, Your Honor. It's specifically in Perez... Is he entitled to a determination of whether it was wrongful or not wrongful? This court's precedent has applied... No, no, answer my question. Is he entitled to a determination whether it was wrongful or not wrongful? If there is an adverse action, you will get to the merits. But not if it was voluntary. If he voluntarily refused to submit the information, he's not entitled to a determination whether the agency's refusal to let him return to work was wrongful or not wrongful. First, I would argue there was... Well, not what you would argue. Is that right? No, Your Honor, because he voluntarily absented himself... So he's not entitled to a determination of whether their insistence on the information was wrongful or not wrongful? If he can prove that he did not voluntarily absent himself... No, no, no, answer my question. Is he entitled to a determination as to whether the insistence on the information was wrongful or not wrongful? This court, in looking at jurisdiction... No, what's the answer to the question? If he can prove that he voluntarily absented himself... Let me pose a hypothetical. He voluntarily absents himself for medical reasons, and the agency sends him a letter saying, prove that you are of a certain religion before you can return to work. Okay? Now, apply that to Judge Dyke's question. I think that's getting to what the petitioner wants the jurisdictional question to be in this case, just to look at what the agency did and what the employee did. No, no, I'm trying to understand. From the board's position, this is a voluntary act. Does that mean he is not entitled to a determination of whether the agency imposed an improper requirement on him? To the extent the board applied a separate two-prong... It's really a yes-or-no question. Not if he can... He is not entitled to determine whether or not there was a wrongful action if he cannot, in the first place, establish that his absence was involuntary. So in this case, he cannot... So they can ask him about his religion. I'm sorry, Your Honor? So they can impose a religious test in violation of the Constitution. No, Your Honor. And that is, I think, getting to the petitioner's argument is you can never look at the totality of the circumstances. And in this case, looking at the court's president, you can look at the totality of the circumstances when determining whether or not there was an involuntary act. So it was a voluntary act because he failed to submit the information, but he's not entitled to a determination of whether the submission of the information was an improper or proper requirement. Not in this case, Your Honor, because he must first establish that the absence was involuntary. And by making the choice not to submit the documentation or to choose to go on leave, he voluntarily absented himself. So he's not entitled to a determination of whether the agency acted wrongfully or not. Looking at the totality of... Yes or no. Your Honor, this court has applied... Yes or no. Has looked at... Yes or no. Is he entitled to a determination of whether the agency acted wrongfully? This court has looked at wrongful action when determining... You're really not helping yourself out here. I think what your answer is, and you just don't want to say it, is absent in adverse action, no, because the statute doesn't give the MSPB, the jurisdiction to review agency's determinations of whether somebody is medically fit or not. I have to disagree with my colleague. I think your answer is no, period. That was the question, yes or no. Looking at Perez and Holloway... Looking at Perez and Holloway, this court has looked at the totality of the circumstances and whether or not there was sufficiency of documentation. And subsequently, this court... How can it be that he's not entitled to a determination of whether the agency acted wrongfully? Because... He says, I'm not going to submit the information. It's not proper that you ask for it, and I want the MSPB to determine whether that's correct or not. And you're saying no, because he didn't submit the information. He's not entitled to a determination of whether submitting the information was correct or not correct, as required. In this case, Your Honor, the agency was correct in requiring the documents and was able to, under the ADA and the CFR, to request the documentation. By not submitting the documentation, he voluntarily absented himself from the workplace, and the board correctly found that there was a constructive suspension. Okay, thank you. You're Ms. McGrory, and... Yes, Your Honor. You're Mr. Fung, so the order got mixed up on the sheet here. Okay. Mr. Galarza, you have a little... Thank you. ...few minutes here. Just to build on the hypothetical that you gave, Judge Wallach, if here, instead of asking for medical information, they asked for religious information, and he refused, that choice that he has after he refuses to either face AWOL or take leave is not voluntary. And here, his supervisor instructed him that you have to take leave, otherwise you're going to be found AWOL because you haven't submitted the information. The nature of the information itself, though, whether or not that was authorized, goes to the merits of the action itself, not to jurisdiction. And indeed, here, briefly, Judge Hughes, requesting the information from any employee absent for more than three days does indeed violate the ADA. The EEOC has held, and the EEOC is charging Congress... Yes, but where in the jurisdictional section of the MSPB does it get the authority to review that rather than as an action under the ADA, which has a completely separate process? And indeed, it may violate the ADA, and they may be able to go through EEO processes to challenge that decision. Well, when you wrap up the wrongful action, then the board does address that. But the ADA is clear, the EEOC is clear. It has to be based on present evidence when the individual, during the time of requested reemployment. This evidence was not from July 2nd forward. The cases you're citing are brief, show that, and the EEOC has held that. But here, the... But you agree, I take it, that the decision whether or not to accept medical evidence, standing alone, is not an appealable adverse action. It has to be actually coupled with a suspension of more than 14 days. Whether or not to accept it, Your Honor, I'm sorry? The agency's determination of whether medical evidence is sufficient is not, in isolation, an appealable action to the board, is it? Correct, because there's two distinct actions here. One is the request for medical information. Suspension of more than 14 days. Correct. The other one is the adverse action under Chapter 75. And under Thomas and Mercer, this Court's already addressed whether or not pending inquiries are indeed disciplinary, and they held that they are. Unless there's further questions? Okay, thank you, Mr. Garza. Thank you. Thank all counsel. The case is submitted.